TRACY HOPE DAVIS
United States Trustee
**TERRI H. DIDION** State Bar # CA133491
Trial Attorney
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA  93721
Telephone: 559-487-5002 ext. 235
Fax:  559-487-5030
terri.didion@usdoj.gov

Attorney for Tracy Hope Davis,
United States Trustee

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | **Case No.  2:15-cv-2473-JAD** |
| | ) | |
| **JONATHAN B. GOLDSMITH,** | ) | Appeal from Luis Burgos and Dorian |
| | ) | Burgos, Chapter 11 |
| | ) | Bankruptcy Case No. 12-16894-MKN |
| **Appellant,** | ) | District of Nevada |
| v. | ) | |
| | ) | |
| **UNITED STATES TRUSTEE,** | ) | **STIPULATION TO STAY** |
| | ) | **APPEAL DEADLINES AND** |
| **Appellee.** | ) | **FOR LIMITED REMAND TO** |
| | ) | **BANKRUPTCY COURT TO** |
| | ) | **CONSIDER PROPOSED** |
| | ) | **SETTLEMENT** |
| _____ | ) | **(Second Request)** |

Appellee, Tracy Hope Davis, the United States Trustee for Region 17 (United States Trustee"), and Appellant, Jonathan B. Goldsmith (collectively the

1

"Parties"), hereby file this Stipulation to Stay Appeal Deadlines and for Limited Remand to the United States Bankruptcy Court to Consider Proposed Settlement ("Stipulation") pursuant to LR 6-1(b) and LR 7-1.  The Stipulation is made through their respective counsel of record with reference to the following:

1. **Status of the Appeal**

This proceeding was commenced on December 22, 2015, when Appellant filed a notice of appeal of a bankruptcy court order (1) granting Appellee's motion for disgorgement of fees pursuant to 11 U.S.C. §329 that were paid to Appellant; and (2) denying Appellant's request for the allowance of fees and expenses pursuant to 11 U.S.C. §330 (Bankr. Dkt. No. 175).

In accordance with Fed. R. Bankr. P. 8009, Appellant filed a designation of record (Bankr. Dkt. No. 182), a statement of the issues (Bankr. Dkt. No. 184), and ordered a transcript of the underlying bankruptcy proceeding (Bankr. Dkt. No. 183).   Appellee filed her supplement designation of record (Bankr. Dkt. No. 189). The record on appeal was transmitted by the Bankruptcy Court on January 12, 2016.  The District Court issued a minute order (Dkt. No. 5), and set a briefing schedule ("scheduling order").

2. **First Request for 30-day extension to file Briefs**

   a. When the briefs are currently due.  Appellant's opening brief is due by February 29, 2016.  Appellee's answering brief is due on March 30, 2016. A reply brief by Appellant is due on March 13, 2016.

   b. How many extensions of time have been granted?  One prior extension was granted on January 20, 2016 (Dkt. No. 11).

   c. Reason why this extension is necessary.  The Parties have negotiated and reached a settlement that would, if approved by the Bankruptcy Court, resolve this Appeal.

d. <u>Specific amount of time requested.</u>  The Parties seek a stay of the current briefing deadlines pending approval of the proposed settlement.  If approved, the settlement agreement provides that Appellant shall file a motion to dismiss the appeal with prejudice within five days of the entry of an Order by the Bankruptcy Court with each Party bearing its own attorney fees and costs. If the Settlement is not approved, the Parties will report that fact to the District Court and request a new briefing schedule, and the appeal shall proceed on the merits.

**3. Request for Limited Remand**

The Parties seek a remand to the Bankruptcy Court in the underlying bankruptcy case, *In re Luis Burgos and Dorian Burgos,* Case No. 12-16894-MKN, for the limited purpose of allowing the Bankruptcy Court to consider the proposed settlement agreement.

**4. Conclusion**

Wherefore, the Parties request that this Stipulation to stay appeal deadlines and for limited remand to the United States Bankruptcy Court be granted as follows:

a. The District Court shall suspend all appeal deadlines, including briefing deadlines, effective the date of the filing of this Stipulation pending the Bankruptcy Court's decision regarding the proposed settlement agreement entered into between the Parties.

b. The District Court shall remand to the Bankruptcy Court for the limited purpose of allowing the Bankruptcy Court to consider the proposed settlement agreement negotiated and reached by the Parties in the bankruptcy case of *In re Luis Burgos and Dorian Burgos,* Case No. 12-16894-MKN.

c. If the Bankruptcy Court approves the proposed settlement agreement, it may take further action necessary to effectuate the terms of the

settlement agreement.

    d. If the Bankruptcy Court approves the proposed settlement agreement, Appellant shall file a separate motion to dismiss the appeal with prejudice as provided by the terms of the proposed settlement agreement.

    e. If the Bankruptcy Court does not approve the proposed settlement agreement, the Parties will file a stipulation with the District Court within 5 days of the entry of the Order denying approval of the proposed settlement agreement, and request that a scheduling order be entered setting new briefing deadlines.

**It is so stipulated.**

Dated: February 17, 2016

By: /s/   TERRI H. DIDION
Terri H. Didion
Trial Attorney for U.S. Trustee

Dated:  February 17, 2016

/s/ JONATHAN  GOLDSMITH
Jonathan Goldsmith
Appellant

**IT IS SO ORDERED.**

Dated:   February 18, 2016.

_____
Honorable Jennifer A. Dorsey
United States District Judge