# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jonathan Goldsmith,<br><br>    Appellant<br><br>v.<br><br>United States Trustee,<br><br>    Appellee | 2:15-cv-02473-JAD<br><br>**Order Affirming Bankruptcy Court Decision** |

After his two-year representation of Chapter 11 bankruptcy petitioners resulted in the dismissal of his clients' case, Appellant Jonathan Goldsmith was found to have provided services of no reasonable value to his clients. The bankruptcy judge deemed him entitled to $0.00 in attorney's fees and costs, and he was ordered to return to his clients the entire $15,000 retainer. Goldsmith appeals, arguing that the bankruptcy court erred in making its findings after a five-minute summary hearing, with no evidentiary hearing, and in failing to consider certain stipulations. Appellee United States Trustee responds that Goldsmith submitted the issues on his brief and declined two opportunities for oral argument, and that the stipulations at issue were immaterial to the court's findings. I find that the bankruptcy court did not abuse its discretion or commit reversible error and thus affirm.

## Background[1]

Goldsmith filed a voluntary Chapter 11 petition on behalf of his clients Luis Burgos and Dorian Burgos (debtors) on June 9, 2012. A year later, the Office of the United States Trustee filed a motion to dismiss for the debtors' failure to file any monthly operating reports (MORs), as well as their failure to file a proposed disclosure statement and plan of reorganization. The twelve outstanding MORs were then filed on July 5, 2013, just twelve days before the dismissal

---

[1] These background facts are taken from the bankruptcy court's order that Goldsmith now appeals. The source of each fact is cited in the order, so in the interest of clarity I generally cite to ECF No. 24 at 5–11 for this background section.

hearing. Deadlines for filing a proposed plan and disclosure statement and confirming the plan were then set for July 24 and October 30, 2013, respectively. Debtors were also ordered to timely file their MORs. The proposed plan and disclosure statement were timely filed on July 24, 2013, but debtors did not notice the hearing to approve the disclosure statement.

More than thirteen months after the Chapter 11 proceeding was commenced, Goldsmith filed an application for approval of his employment as counsel for the debtors. The application was approved on October 15, 2013, and backdated his authorization to represent them to the date the petition was filed. On the deadline for confirming the plan of reorganization, Goldsmith filed an amended disclosure statement and a proposed amended plan. The next day, he filed a stipulation with the Trustee to extend the plan-confirmation deadline to January 28, 2014. The stipulation was approved on November 4, 2013, and the debtors were ordered to timely file their MORs.

Then, on January 28, 2014, Goldsmith filed two amended disclosure statements, two proposed amended plans of reorganization, and a motion for conditional approval. The motion was denied. One week later, Goldsmith filed yet another stipulation with the Trustee to extend the plan-confirmation deadline again until April 29, 2014. He represented that this extension would be the "last and final extension of the confirmation deadline." The stipulation was approved on February 5, 2014.

Goldsmith filed a fee application on March 12, 2014, for services rendered from March 19, 2012, through March 12, 2014, and he attached an hourly billing statement. The fee-application matter was called for hearing on April 9, 2014, but it was continued until April 23, 2014, because the February 2014 MOR hadn't been filed and no additional steps had been taken to meet the stipulated, final-confirmation deadline. When Goldsmith's fee-application matter was called on calendar on April 23, 2014, Goldsmith did not appear, and his fee application was thus denied without prejudice.

Goldsmith filed yet another amended disclosure statement on April 28, 2014, just one day before the stipulated, final-confirmation deadline. The Trustee then moved to dismiss the action for failure to prosecute on May 1, 2014, and the motion was granted one week later. Goldsmith

filed a motion for relief from the dismissal order on July 30, 2014, which he withdrew on the ground that it was filed in error, and he refiled the motion for relief on October 21, 2014. The relief motion was noticed to be heard on November 25, 2014, but the date was not available, so Goldsmith renoticed it to be heard on March 4, 2015, and that hearing was continued to April 22, 2015, because the prior date had not been noticed to all creditors.

On March 4, 2015, Goldsmith filed an amended notice of hearing, a certificate of service representing that notice had been mailed to all creditors, and MORs through April 2014. Nine more MORs (May 2014 – February 2015) were filed on March 6, 2015, and MORs for March and April 2015 were filed on April 21, 2015, the day before the relief hearing. The matter was heard and taken under submission on April 22nd, and the relief motion was denied on May 6, 2015. The bankruptcy court concluded that Goldsmith had not diligently represented the debtors in the case and that his neglect was not excusable. The court also held that Goldsmith's representation was inadequate and relief was not warranted. Goldsmith never appealed the court's order. The bankruptcy case was closed on May 22, 2015.

Debtors filed a separate Chapter 11 case with a new attorney representing them on June 17, 2015. Their prior bankruptcy case was reopened on the Trustee's motion, and the Trustee filed a motion to disgorge compensation from Goldsmith; the debtors (under their new representation) joined. Goldsmith filed an opposition to the disgorgement motion and a renewed fee application seeking fees for his services to the debtors during the dismissed bankruptcy case. The Trustee and the debtors opposed Goldsmith's fee application. The disgorgement motion and the renewed fee application were heard and taken under submission on October 28, 2015. That same morning, Goldsmith noticed errors on his declaration in opposition to the disgorgement motion, so he filed an amended declaration. The bankruptcy court denied Goldsmith's fee application and granted the disgorgement motion on December 15, 2015.

**Discussion**

**A.     Standard of review**

I review the bankruptcy court's denial of attorney's fees and costs and its disgorgement

order for abuse of discretion.[2] The bankruptcy court "abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact."[3] So I "must affirm unless the [bankruptcy] court applied the wrong legal standard or its findings were illogical, implausible or without support in the record."[4]

**B.  Issues presented on appeal**

Goldsmith raises six issues on appeal. He argues that it was an error of law or an abuse of discretion amounting to a due-process violation for the bankruptcy court to: (1) grant the Trustee's motion to disgorge compensation paid to him and to deny his request to approve compensation by making findings of fact without the benefit of discovery or an evidentiary hearing; (2) decide those motions based on findings of fact and declarations that were not part of a stipulated record and were not subject to discovery or cross-examination; (3) fail to resolve disputed facts without the benefit of discovery or an evidentiary hearing; (4) find that Goldsmith was not entitled to bill for costs—including the filing fee—and that he must return fees that were billed for matters prior to the bankruptcy case filing and after the case was dismissed without a hearing; (5) find that Goldsmith was entitled to $0.00 in attorney's fees and costs; and (6) fail to consider stipulated changes to Goldsmith's declaration in opposition to the disgorgement motion.[5] Issues 1–4 revolve around the lack of an evidentiary hearing or discovery, so I address them as a group, then I address issues 5 and 6 sequentially.

*1.  Issues 1–4: No discovery or evidentiary hearing*

Goldsmith argues that it was a violation of his procedural-due-process rights for the bankruptcy court to grant the Trustee's disgorgement motion, deny his application for

---

[2] *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011); *In re Lewis*, 113 F.3d 1040, 1043 (9th Cir. 1997).

[3] *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (quoting *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011)) (internal quotations omitted).

[4] *TrafficSchool.com*, 653 F.3d at 832 (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

[5] ECF No. 23 at 5–6.

4

compensation, and order him to disgorge to his clients the entire $15,000 retainer—even though he paid certain expenses like the case-filing fee—based on unresolved, disputed facts and without holding an evidentiary hearing or allowing him to conduct discovery.[6] As the Trustee correctly points out, however, Goldsmith declined his opportunity for oral argument twice.[7]

At the combined hearing on Goldsmith's application for compensation and the Trustee's disgorgement motion, the bankruptcy court asked Goldsmith, "Is there anything that you want to argue that's not included in the briefs at this point?"[8] Goldsmith responded that there was nothing else he wanted to argue.[9] Then again, before taking the matters under submission, the bankruptcy court asked, "Mr. Goldsmith, is there anything you want to add beyond what appears in the relatively extensive briefs on this matter?"[10] Once again, Goldsmith responded "No, Your Honor."[11] When Goldsmith did not affirmatively request oral argument, and he declined the court's offer for oral argument twice, he cannot legitimately argue that the bankruptcy court committed an error of law or abused its discretion in deciding the motions without oral argument. The bankruptcy court gave him every opportunity to have the hearing he now belatedly argues he was entitled to, and he submitted on his "relatively extensive briefs." It was not an abuse of discretion to abide by Goldsmith's wishes.

### 2. Issue 5: Finding that Goldsmith was entitled to $0.00 in attorney's fees and costs and ordering disgorgement of the $15,000 retainer

Goldsmith next argues that the bankruptcy court violated his Fifth Amendment right against wrongfully taking property when it ordered him to disgorge to his clients the entire

---

[6] *Id.*

[7] ECF No. 25 at 32.

[8] ECF No. 24 at 315 (2:17–19 of the transcript).

[9] *Id.* (2:20 of the transcript).

[10] *Id.* at 321 (8:21–23 of the transcript).

[11] *Id.* (8:24 of the transcript).

$15,000 retainer and awarded him $0.00 in attorney's fees and costs.[12] The disgorgement and fee denial are two sides of the same coin: Goldsmith did not perform services of *any* value to his clients, so he was therefore ordered to disgorge *all* of the retainer that they had paid to him. He argues that he paid certain expenses like the filing fee, so ordering him to pay that back is a taking of his personal property without due process.[13] The bankruptcy court did not violate his Fifth Amendment right simply because the $15,000 retainer was not his property. And it was not an abuse of discretion to award Goldsmith $0.00 in attorney's fees and costs because the record supports the bankruptcy court's conclusion that Goldsmith's services were of no reasonable value.

On the fee-application side of the coin, 11 U.S.C. § 330(a)(1) allows "a professional person employed under section 327" to be awarded "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses."[14] The bankruptcy court can "award compensation that is less than the amount of compensation that is requested."[15] The bankruptcy court evaluates the following factors in determining "reasonable compensation": (1) the time spent representing the debtors; (2) the rates charged for that representation; (3) whether the representation was necessary to the administration of, or beneficial at the time at which it was rendered toward the completion of, a bankruptcy case; (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (5) whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (6) whether the compensation is reasonable based on the customary

---

[12] ECF No. 23 at 15–16, 20–21.

[13] *Id.*

[14] 11 U.S.C. § 330(a)(1) (2012).

[15] 11 U.S.C. § 330(a)(2) (2012).

6

compensation charged by comparably skilled practitioners in non-bankruptcy cases.[16] "[T]he court shall not allow compensation for services that were not reasonably likely to benefit the debtor's estate."[17]

On the disgorgement side of the coin, 11 U.S.C. § 329 requires an attorney representing a debtor in a bankruptcy case to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered" as part of the representation.[18] But the bankruptcy court can cancel or modify a compensation agreement if the "compensation exceeds the reasonable value of" the services rendered to the extent that it is excessive and order the funds returned to the debtor's estate.[19]

The bankruptcy court analyzed both sides of the coin in tandem in its order denying attorney's fees and granting disgorgement:[20]

> The net result of attorney Goldsmith's services was a dismissal of the Debtors' prior Chapter 11 proceeding, which has necessitated the commencement of a separate Chapter 11 proceeding through other counsel. As the court found in connection with the Relief Motion, that dismissal was the result of attorney Goldsmith's lack of diligence in managing the case and his inadequate representation of the Debtors. But even the Relief Motion itself was deficient because attorney Goldsmith provided no explanation for his lack of diligence and therefore provided no evidentiary basis to support a finding of excusable neglect. The order denying the Relief Motion was never appealed and dismissal of the Debtors' case is final.
>
> Now, in the face of the Disgorgement Motion, attorney Goldsmith attempts to blame his clients for the many delays in prosecuting the case rather than shouldering any responsibility himself. Moreover, the discrepancies in attorney Goldsmith's two declarations, as well as the representations in the Renewed Fee Application and attached billing statements, also reflect the type of inattention or disregard

---

[16] 11 U.S.C. § 330(a)(3) (2012).

[17] 11 U.S.C. § 330(a)(4)(A)(ii)(I) (2012).

[18] 11 U.S.C. § 329(a) (2012).

[19] 11 U.S.C. § 329(b) (2012).

[20] *See generally* ECF No. 24 at 5–15.

> for detail that is consistent with the results he achieved. Having considered the nature, extent[,] and value of attorney Goldsmith's services in the Denial Order, and in connection with the Disgorgement Motion and Renewed Fee Application, the court concludes that the compensation requested is not reasonable. Moreover, the reimbursement of costs advanced is not appropriate because the Debtors are required to incur the same and perhaps even greater costs in connection with their [second] Chapter 11 proceeding [with other counsel].[21]

The record gave the bankruptcy court more than enough reason to conclude that Goldsmith's services were valueless. He failed to comply with numerous court-ordered and stipulated deadlines,[22] he failed to show up to a hearing,[23] he confused these clients with other clients,[24] and he got this case dismissed for failing to prosecute it.[25] His clients then hired another attorney who had to start another Chapter 11 bankruptcy action from scratch.[26] Some of the bureaucratic expenses had increased from the time Goldsmith filed the case to when the new attorney filed.[27] Goldsmith's representation thus put his clients in an arguably worse position than they would have been in without it. The bankruptcy court applied the relevant legal analysis and reasonably concluded that, under the circumstances, Goldsmith's services earned him $0.00 in attorney's fees and costs.

Goldsmith's Fifth Amendment unlawful-taking argument is also without merit because no portion of his clients' retainer was his absent court approval. In his application for employment, Goldsmith indicated that he "received a retainer fee and an advance against expenses for services to be performed in the preparation and prosecution to this chapter 11 case,

---

[21] ECF No. 24 at 14–15.

[22] ECF No. 24 at 6 (2:13–16 of the order), 7 (3:16–19 of the order), 8 (4:2–9, 15–21 of the order).

[23] *Id.* at 8 (4:22–24 of the order).

[24] ECF No. 24 at 318 (5:5–25 of the transcript), at 13 (9:1–15 of the order) and n.9.

[25] ECF No. 24 at 9 (5:16–17 of the order).

[26] ECF No. 24 at 10 (6 n.4 of the order).

[27] ECF No. 24 at 14–15 (10:25–11:2 and n.11).

in the amount disclosed in the declaration [$15,000], which will be applied to such post-petition allowances of compensation and reimbursement of expenses, respectively, *as may be granted by the Court*."[28] The application also made clear that he would "*apply to the Court* for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code (or as otherwise *allowed* by the order of [the bankruptcy court]), the Federal Rules of Bankruptcy Procedure[,] and the Local Bankruptcy Rules for the District of Nevada."[29] Goldsmith submitted a fee application, but he never showed up for the hearing.[30] The bankruptcy court thus denied his fee application. Then Goldsmith filed a renewed application for fees and expenses, and the bankruptcy court denied that as well, prompting this appeal. At no point did the bankruptcy court approve any of Goldsmith's fees or expenses, so at no point did any part of that $15,000 retainer become his personal property. He did pay the case-filing fee, and he may have been reimbursed that expense from the retainer if he had adequately represented his clients, but the bankruptcy court found that his representation was inadequate and undeserving of reimbursement. The Fifth Amendment is not violated when an attorney is ordered to give back money that does not belong to him.

### 3. *Issue 6: Failing to consider stipulated changes to declaration in opposition to disgorgement motion*

Finally, Goldsmith argues that it was an abuse of discretion or an error of law for the bankruptcy court not to consider stipulated changes to his declaration in opposition to the disgorgement motion. On the morning of the hearing, Goldsmith noticed a couple of errors in his supporting declaration in opposition to the Trustee's disgorgement motion, so he filed an amended declaration.[31] The court and the Trustee had not had an opportunity to review the

---

[28] ECF No. 26 at 165 (emphasis added).

[29] *Id.* (emphasis added).

[30] ECF No. 24 at 11.

[31] ECF No. 24 at 315–16 (2:22–3:5 of the transcript).

9

amended declaration, so Goldsmith summarized the changes on the record.[32]

The court's order makes clear that it did, in fact, consider the changes—but not for their substance or accuracy. The court determined them to be further evidence of Goldsmith's disorganization and incompetence supporting its finding that his services were valueless.[33] The substance of the stipulated changes, even if true, are also immaterial to the bankruptcy court's decision because the adjudicated facts remain the same: Goldsmith spent approximately two years on this case, failed to meet court-ordered and stipulated deadlines, no-showed for a hearing, and got the case dismissed for failing to prosecute it. No amendment to Goldsmith's declaration can change those facts, and those facts alone compel me to affirm the bankruptcy court's decision.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the order of the bankruptcy court to DENY Goldsmith's renewed application for allowance of fees and expenses and GRANT the Trustee's motion to disgorge compensation paid to Goldsmith is **AFFIRMED**.

The Clerk of Court is directed to enter judgment accordingly and **CLOSE THIS CASE**.

DATED: October 11, 2017.

Jennifer A. Dorsey
United States District Judge

---

[32] *Id.* at 318 (5:5–25 of the transcript).

[33] ECF No. 24 at 14 ("Moreover, the discrepancies in attorney Goldsmith's two declarations, as well as the representations in the Renewed Fee Application and attached billing statements, also reflect the type of inattention or disregard for detail that is consistent with the results he achieved.").